IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENEE HODGES** )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>**CREDITORS FINANCIAL** )<br>**GROUP, LLC** )<br>)<br>Defendant. )<br>) | Civil Action No. |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**III. PARTIES**

4. Plaintiff Renee Hodges is an adult individual residing at 232 Dogwood Street, Henderson, NV 89015.

5. Defendant Creditors Financial Group, LLC is a business entity regularly engaged in the business of collecting debts with a principal place for accepting service located at 3131 South Vaughn Way, Suite 110, Aurora, CO 80014. The principal purpose of Defendant is the

collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  FACTUAL ALLEGATIONS

6. At all times pertinent hereto, Defendant was hired by Bank of America to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Bank of America (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. On or about February 27, 2008, a representative, employee and/or agent from Defendant identifying himself as "Jimmy" contacted Plaintiff's parents at their place of residence in an attempt to coerce Plaintiff's payment of the debt. During a message on the Hodges's voicemail, Jimmy disclosed the debt to Plaintiff's father, demanding that Plaintiff or the Hodges contact him immediately, implying the threat of a suit when he stated that he wanted to see whether Plaintiff had contacted an attorney.

9. In response to the above, Plaintiff's father contacted Defendant. During the conversation, Defendant again disclosed the debt to Mr. Hodges, asking whether he knew his daughter was in a "financial crisis." Additionally, Defendant indicated Plaintiff owed $3,000.00 which she needed to pay immediately if she wanted to avoid court.

10. To date, Defendant has not sued Plaintiff.

11. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

12. The Defendant acted in a false, deceptive, misleading and unfair manner when

they, without permission from the Plaintiff, communicated with persons other than Plaintiff that Plaintiff owes a debt and made such communications on multiple occasions.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

14. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. The above contacts were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating with persons other than the Plaintiff that Plaintiff owes a debt;

    (b) Communicating with persons other than the Plaintiff on more than one occasion;

    (c) Communicating, in connection with the collection of a debt with persons other than the Plaintiff;

    (d) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    (e) Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

    (f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

23. Defendant's acts as described above were done with malicious, intentional,

willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## V. JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

FRANCIS & MAILMAN, P.C.

                                    BY:   */s/ Mark D. Mailman*
                                            MARK D. MAILMAN, ESQUIRE
                                            JAMES A. FRANCIS, ESQUIRE
                                            JOHN SOUMILAS, ESQUIRE
                                            MICHAEL J. SZYMBORSKI, ESQUIRE
                                            Attorneys for Plaintiff
                                            Land Title Building, 19th Floor
                                            100 South Broad Street
                                            Philadelphia, PA 19110
                                            (215) 735-8600

DATE:  April 4, 2008